# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|   |   |
|---|---|
| Kimberly Satterwhite, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Bluestem Brands, Inc. d/b/a Fingerhut, | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Complaint, the Plaintiff, Kimberly Satterwhite, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Kimberly Satterwhite ("Plaintiff"), is an adult individual residing in Powder Springs, Georgia, and is a "person" as defined by 47 U.S.C. § 153(39).

4.  Defendant Bluestem Brands, Inc. d/b/a Fingerhut ("Bluestem"), is a business entity with an address of 6509 Flying Cloud Drive, Eden Prairie, Minnesota 55344, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5.  Beginning on or around October 2013, Bluestem placed calls to Plaintiff's cellular telephone, number 678-xxx-9919, in search of her adult son, Jamalle.

6.  At all times mentioned herein, Bluestem called Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

7.  When Plaintiff answered the calls from Bluestem, she experienced a period of silence before a live person came on the line.

8.  In mid-October 2013, when Plaintiff got through to a live person, she informed Bluestem that her son's debt was not her responsibility and Bluestem was calling the wrong telephone number.

9.  Additionally, Plaintiff requested that Bluestem cease all calls to her cellular telephone.

10. Regardless of the Plaintiff's request, Bluestem continued to place daily ATDS calls to Plaintiff's cellular telephone.

11. Upon information and belief, Plaintiff never provided her consent to Bluestem to be contacted on her cellular telephone.

12. If at one time Bluestem had obtained Plaintiff's express consent to place calls to her cellular telephone, it no longer had consent after Plaintiff requested that the calls cease.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

13. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. At all times mentioned herein and within the last year, Bluestem called Plaintiff on her cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

15. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a

dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

16. Bluestem's telephone systems have some earmarks of a predictive dialer. Often times when Plaintiff answered the phone, she was met with a period of silence before Bluestem's telephone system would connect her to live person.

17. Upon information and belief, Bluestem's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. Plaintiff did not provide and/or revoked her consent to be contacted on her cellular telephone, and in fact instructed Bluestem to stop all calls to her and cease calling her cellular telephone.

19. Bluestem continued to place automated calls to Plaintiff's cellular telephone after being advised by Plaintiff that she was not responsible for the debt and knowing there was no consent to continue the calls.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

20. The telephone number called by Bluestem was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

21. The calls from Bluestem to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22. Each of the aforementioned calls made by Bluestem constitutes a violation of the TCPA.

23. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

24. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 27, 2014

        Respectfully submitted,

        By: /s/ Sergei Lemberg, Esq.
        Attorney Bar No.: 598666
        Attorney for Plaintiff Kimberly Satterwhite
        LEMBERG LAW L.L.C.
        1100 Summer Street, Third Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250 ext. 5500
        Facsimile:   (203) 653-3424
        Email: slemberg@lemberglaw.com